UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

OPEN ACCESS FOR ALL, INC.,
and JOHN MORALES,

    Plaintiffs,
vs.

DIGBY ALDER GROUP LLC
d/b/a Bandago,

    Defendant

## COMPLAINT

COMES NOW Plaintiff Open Access For All, Inc. and Plaintiff John Morales by and through their undersigned counsel hereby file this Complaint and sue Defendant Digby Alder Group LLC d/b/a Bandago ("Defendant") for injunctive relief, attorney's fees and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36 and allege as follows:

### INTRODUCTORY STATEMENT

1. Plaintiff Open Access For All, Inc. and Plaintiff John Morales bring this action in Federal Court to stop the exclusion of individuals confined to wheelchairs for mobility as patrons of Defendant's business.

2. Businesses have choices when they offer their services to the public.

3. Businesses should not operate in any manner that creates discrimination in access to their products and services.

1

4. Defendant owns and operates a place of public accommodation which is a vehicle rental agency under the brand name "Bandago." Bandago offers for rent to the public passenger vans ("goods and services").

5. This Complaint seeks declaratory and injunctive relief to have Defendant create policies and practices to include measures necessary to ensure compliance with federal law, to provide auxiliary aids and services for effective communication in Defendant's business so that individuals who are mobility impaired have access to the goods and services offered by Defendant, as Defendant's rental passenger vans are not fully accessible to the mobility impaired.

## JURISDICTION & VENUE

6. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), and 42 U.S.C. §12101, et. seq.

7. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343(a)(3) and §1343 (a)(4).

8. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida.

9. In addition, the Defendant is authorized to conduct business within the state of Florida as a foreign limited liability company.

10. Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Open Access For All, Inc.**

11. Plaintiff Open Access For All, Inc. (also referenced as "Plaintiff Open Access", "Open Access," or jointly with Plaintiff John Morales as "Plaintiffs") is a membership civil rights non-profit corporation formed under the laws of the State of Florida which maintains its principal office within this district.

12. Open Access members include individuals who are substantially limited in a major life activity such as loss of use of the lower extremities requiring the use of a wheelchair or other assistive device for mobility.

13. Open Access advocates, *inter alia*, for the full and equal participation of its members in all aspects of society.  Open Access is devoted to the goal of full inclusion, equality, and civil rights for its members whose lives are directly affected by loss of mobility and require the use of a wheelchair or other assistive device for mobility. Open Access' work is based on a close association with its members.

14. One or more of Open Access members have tried and have been unable to rent a vehicle from the Defendant due to the Defendant's failure to provide vehicle hand controls with its rental vehicles.

15. One or more of Open Access members have been discriminated against as they have been deterred from (and have been denied the opportunity to) participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's business as that afforded to the non-disabled (not mobility impaired) public.

16. One or more of Open Access members have a well-grounded belief that any attempt to visit Defendant's property free of discrimination would be a futile gesture.

17. Open Access members have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to its provision of assistive devices such that they will be able to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's business.

18. Open Access members have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

19. Accordingly, the interests that Plaintiff Open Access seeks to protect through this litigation are germane to its mission and purpose.

**John Morales**

20. Plaintiff John Morales (also referenced as "Plaintiff Morales" or jointly with Plaintiff Open Access as "Plaintiffs") is a resident of the State of Florida, and he resides within this judicial district.

21. Plaintiff Morales is an Open Access member whom is substantially limited in the major life activity of using his lower extremities and requires assistive devices (such as a wheelchair) to perambulate.

22. Plaintiff Morales is an otherwise qualified or qualified individual with a disability in that he is qualified to access Defendant's Website.

**Digby Alder Group LLC**

23. Defendant Digby Alder Group LLC is a California limited liability company doing business as Bandago Van Rental. Defendant is authorized to conduct, and is conducting business within the State of Florida.

24. At all times material hereto, Defendant has owned and/or operated a business which rents passenger vans to the public. Defendant's vehicle rental business is called Bandago Van Rental and is located at 2850 Northwest 40th Avenue Bay 1 Miami Florida 33142.

25. The Bandago van rental company which is the subject of this action and is also referred to as "place of public accommodation."

## FACTS

26. Bandago Van Rental is defined as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) because it is an "other sales or rental establishment" which offers rental of vehicles to the general public.

27. In May of 2018, Plaintiff Morales personally visited the Bandago Van Rental location at 3947 NW 26th Street Miami, Florida 33142 with the intention of renting an automobile. Plaintiff Morales informed Defendant's representative that he could not use his legs and therefore needed to have hand controls temporarily installed in the rental van so that he could drive the automobile which he intended to rent.

28. In response to Plaintiff Morales' request that **hand controls be installed** in the rental van, Plaintiff Morales was informed by Defendant's representative that Bandago Van Rental does not install vehicle hand controls in any rental vehicles, therefore Bandago Van Rental could not accommodate Plaintiff Morales' request.

29. Plaintiff Morales did not desire or expect that any vehicle he would rent would be provided as permanently affixed to a rental van but that Defendant temporarily install hand controls so the he could use the rental van over the course of the intended rental period.

30. There are numerous companies that sell vehicle hand controls that are universal in design, meaning that they can be used on any vehicle. Installation of hand controls does not render any safety feature inoperable or cause permanent modification or damage to the vehicle itself.

31. Furthermore, installation of hand controls is quick and easy. For example, the Automobility 901 model as used by Enterprise is a permanent quick-attach manual hand control unit that requires no hardware to install and is attached with straps and no bolting or cutting and can be installed in minutes. Hand Drive Co. has developed a system that is so portable that the unit can be handed to the rental agent to the renter for the renter's attachment of the unit on the rental vehicle. When placed on the steering wheel, the Hand Drive unit connects to motors that operate the gas and break. The pre-installed motors within the steering column allow the user to attach the Hand Drive without performing any installation.

32. While there are no standards which define "readily achievable" within the Title III Regulations, technology has made such hand controls available and the installation is so effortless and simple that provision of hand controls for a rental vehicle is clearly readily achievable by a vehicle rental company.

33. Such hand controls are widely used within the car rental agency world[1] and are designed for temporary installation and easy removal and could easily have been installed in the rental van which Plaintiff Morales had intended to rent.

34. Defendant has failed and refused to provide assistive devices to accommodate disabled individuals in spite of readily available assistive devices which

---

[1] For example, National, Budget, and Avis use the Kroepke Kontrol; Enterprises uses the Automobility 901;

6

would enable Defendant's rental van to readily achieve the desired accommodation of disabled individuals (who have no use of lower extremities).

35. Plaintiff Morales left Bandago Van Rental disappointed, embarrassed, and humiliated over being unable to rent an automobile from Defendant's place of public accommodation due to Defendant's failure to accommodate his disability.

36. Plaintiff Morales was denied full and equal access to, and full and equal enjoyment of, the facilities offered by Bandago Van Rental to the public, all in violation of the ADA.

37. Defendant has denied Plaintiff Morales, Open Access members, and other mobility impaired individuals the opportunity to participate in or benefit from the goods and services to the public (non-disabled persons and persons who have use of their lower extremities).

38. Plaintiff Morales' expectation of being able to rent a passenger van was destroyed since Plaintiff Morales could not drive the van which he had intended to rent due to the Defendant's failure and refusal to provide hand controls for that vehicle.

39. The fact that Plaintiff Morales and Open Access members are unable to operate a rental vehicle from Bandago Van Rental has left Plaintiff Morales and Open Access members excluded from accessing the goods and services which Defendant offers to the public and with the feeling of segregation, rejection, isolation, as they are unable to participate in their own business affairs in a manner equal to that afforded to others who are not similarly disabled.

40. Plaintiffs' inability to operate a rental vehicle from Defendant's business has created an *effective barrier* which has hindered, impeded and inhibited Plaintiffs'

access to Bandago Van Rental (physical location) and has hindered, impeded and inhibited their future access to Bandago Van Rental.

41. Plaintiff Morales and certain Open Access members have suffered as a result and suffered particularized harm and an injury in fact.

42. Plaintiff Morales has concrete plans to rent a passenger van in the future from Bandago Van Rental in the spring and summer of 2019.

43. Plaintiff Morales and Open Access members have concrete plans to visit and patronize Bandago Van Rental once the barriers to access (by provision of hand controls for the rental vehicles) have been removed so as to permit mobility impaired individuals the ability to operate a rental van which they choose to rent from Bandago Van Rental.

44. As of the date of this filing, the Defendant does not offer/provide hand controls for the rental vehicles to members of the public who are mobility impaired and who use wheelchairs for mobility.

45. By denying Plaintiffs the opportunity to patronize Defendant's business, Defendant has denied Plaintiff Morales and Open Access members the opportunity to participate in, or benefit from operating a rental vehicle as afforded to the public.

46. On information and belief, Defendant has not initiated an ADA policy to insure full and equal use of their business by individuals with disabilities.

47. On information and belief, Defendant has not provided transparency to the public by disclosing its intent to correct the inaccessibility of its business for disabled individuals.

48. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its business.

49. On information and belief, Defendant is aware of the common access barriers within its business operations which prevent individuals with mobility impairments (loss of use of their lower extremities) to operate its rental vehicles (should those disabled individuals desire to rent its vehicles which are offered for rent to the general public).

50. Defendant and alike vehicle rental businesses are fully aware of need to provide full access to all members of the public.

51. Such barriers result in discriminatory and unequal treatment of individuals with disabilities and result in punishment and isolation of individuals who are mobility impaired from the rest of society.

52. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for declaratory judgment and injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

53. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiffs is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

54. Plaintiffs have retained the civil rights law office of Scott R Dinin, P.A. and have agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiffs are entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Digby Alder Group LLC.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

55. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

56. Congress explicitly stated that the purpose of the ADA was to:

> (i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> (iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

57. Pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104, Bandago Van Rental is a "place of public accommodation" in that it is an "other sales or rental establishment" and is open to the general public. As a place of public accommodation, it is under the requirements of the ADA and must be in compliance therewith.

58. Defendant Digby Alder Group LLC d/b/a Bandago is defined as a "Public Accommodation" within meaning of Title III because it owns, leases, leases to others, or operates an "other sales or rental establishment"; 42 U.S.C. §12182, §12181(7)(E).

10

59. Defendant's Bandago Van Rental business has discriminated against Plaintiffs by failing and refusing to provide auxiliary aids and services in order to remove barriers to its products and services as provided to the general public, in derogation of 28 C.F.R. Part 36.

60. Defendant has discriminated, and continues to discriminate, against Plaintiffs by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its Bandago Van Rental business, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

61. Plaintiff Morales and Open Access members have been unable to (and continue to be unable to) enjoy full and equal safe access to (and the benefits of) the accommodations and services offered to the public at Bandago Van Rental.

62. Prior to the filing of this lawsuit, the Plaintiff Morales personally visited Bandago Van Rental with the intention of renting an automobile, but as an individual with a disability (loss of use/function of his lower extremities) has been denied adequate accommodation by virtue of being unable to rent an automobile accompanied by hand controls so the he could use the rental van over the course of the intended rental period. Plaintiff Morales therefore suffered an injury in fact.

63. Plaintiff Morales and Open Access members continue to desire to patronize Bandago Van Rental and rent a van in the future, but continue to be discriminated against and injured due to the barriers to access to the rental and operation of a rental vehicle due to Defendant's failure and refusal to equip its vehicles (available for rental to the public)

with hand controls which would accommodate a disabled individual with a mobility impairment the ability to rent and operate a vehicle from the Defendant for personal use.

64. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

65. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).

66. In this instance, discrimination is defined as the failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

67. Under the ADA, any person who owns or operates a place of public accommodation, such as sales or rental business (in this case, Defendant's vehicle rental business) must ensure that the goods, services, privileges, advantages and opportunities are offered on a full and equal basis. 42 U.S.C. § 12182(a).

68. If there are physical barriers that have the result of excluding persons with disabilities from fully enjoying such goods, services, privileges or advantages, then those

barriers must be removed if readily achievable to do so. 42 U.S.C. §12182(b)(2)(A)(iv). Failure to do so is an act of discrimination. *Id.*

69.  "A public accommodation shall remove architectural barriers in existing facilities …. where such removal is readily achievable, *i.e.*, easily accomplishable and able to be carried out without much difficulty or expense," 28 C.F.R. § 36.304(b).

70.  Among the barrier removal tasks that are readily achievable to accomplish is installing vehicle hand controls. C.F.R. § 36.304(b)(21).

71.  Defendant's failure to provide any rental vehicle with hand controls, resulted in persons with disabilities (such as Plaintiff Morales and Open Access members) being denied the opportunity to rent (and independently operate) a vehicle is discriminatory and a violation of the law.

72.  Under the ADA, Defendant has an obligation to make reasonable modifications in its policies, practices or procedures when necessary to afford privileges, advantages or accommodations to individuals with disabilities unless making such modification would fundamentally alter the nature of such accommodations. 42 U.S.C. §12182(b)(2)(A)(ii).

73.  Here, providing temporary a vehicle hand control on a rental vehicle so that persons with disabilities can rent and operate that rental vehicle to enjoy the same driving privileges enjoyed by ambulatory customers does not result in a fundamental alteration of Defendant's business and the Defendant's failure to modify its practice after being asked by Plaintiff Morales is a violation of the ADA.

74.  Under the ADA, a public accommodation is not permitted to deny persons with disabilities the opportunity to participate in or benefit from a privilege, advantage, or

accommodation or to provide such opportunities that are not equal to that afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(i)&(ii).

75. Moreover, it is unlawful and discriminatory to provide privileges, advantages or accommodations to persons with disabilities that are different or separate from that provided to other person unless such an action is necessary to ensure that the opportunity is as effective as that offered others. 42 U.S.C. § 12182(b)(1)(A)(iii).

76. Based on the above, Bandago Van Rental (which is owned and/or operated by Defendant) is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against Plaintiffs as a result of inter alia, the following specific violations: failure to remove a barrier which is readily achievable to accomplish by installing vehicle hand controls. 28 C.F.R. § 36.304(b)(21).

77. Defendant Digby Alder Group LLC has not offered the same opportunities that are equal to (or as effective as) that offered to non-disabled persons and are discriminating against persons with disabilities in violation of the ADA.

78. To date, the readily achievable barrier and violation of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

79. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiffs injunctive relief; including an order to require the provision of hand controls when requested by individuals with disabilities so that its rental vehicles are readily accessible to, and useable by individuals with disabilities to the extent required by the ADA, and closing the Bandago Van Rental location at 2850 Northwest 40th Avenue Bay 1 Miami Florida 33142 until the requisite modifications are completed.

80. For all of the foregoing, Plaintiffs have no adequate remedy at law.

81. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Digby Alder Group LLC

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff John Morales and Plaintiff Open Access For All, Inc. hereby demand judgment against Defendant Digby Alder Group LLC and request the following injunctive and declaratory relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiffs Morales and Open Access members (and other individuals with mobility impairments) equal access to, and benefit from Defendant's services, programs, activities and facilities, as well as:

a) The Court declares that Defendant is in violation of the ADA and order the Bandago Van Rental location at 2850 Northwest 40th Avenue Bay 1 Miami Florida 33142 closed to the public until such time that it is deemed by this Court to be accessible;

b) The Court enter an Order requiring Defendant to provide hand controls for its rental vehicles so that they are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court award such other and further relief as it deems necessary, just and proper.

Dated this 25th day of February, 2019.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*